of himself and wife from 308 to 200 shares and cancel some $4,400 standing to his credit on the books; that the company would issue stock at par for the $15,000 so to be procured, and that, for his services in procuring the capital, Mr. Badger should receive 50 additional shares, to be issued in January, 1924, thus establishing a parity of interests between Mr. Scobell and wife and Mr. Badger and his associates. Plaintiff Badger performed on his part but defendant failed to issue to him the stock as agreed and by an election of directors excluded plaintiffs from participation in the affairs of the company except as minority stockholders.

*George S. Van Schaick* for appellants.

*Arthur L. Wilder* and *William W. Armstrong* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

SAMUEL S. ZUCKERMAN, Respondent, *v.* DASCO IMPORT Co., INC., Appellant.

*Contract — services — commissions — contract of employment terminable on thirty days' notice — action for commissions on orders obtained after notice where goods were not delivered until after termination of employment.*

*Zuckerman* v. *Dasco Import Co., Inc.*, 222 App. Div. 654, affirmed.
(Argued February 16, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 11, 1927, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover commissions for goods sold under a written contract of employment terminable by either party by giving thirty days' notice. Defendant having given notice of termination plaintiff continued to solicit orders for thirty days thereafter. The question was whether he was entitled to commissions

on orders obtained by him and accepted by defendants where the goods were not shipped until after termination of his employment.

*Jerome Eisner* for appellant.

*Milton S. Guiterman* and *Henry A. Spiegelman* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ. Dissenting: O'BRIEN, JJ.

---

ISADOR ROSEN, Respondent, *v.* SAMUEL GRAY, Appellant.

*Negligence — motor vehicles — operation by defendant of automobile so as to force plaintiff's car off road.*

*Rosen* v. *Gray*, 221 App. Div. 829, affirmed.

(Argued February 17, 1928; decided March 27, 1928.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered October 5, 1927, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict, as reduced by stipulation, in an action to recover for personal injuries and for injury to property alleged to have been sustained through the negligence of defendant. The complaint alleged that while plaintiff was proceeding in his automobile along the State road between Old Falls and South Fallsburgh, in the county of Sullivan, by reason of the negligent operation by defendant of his automobile in turning without warning in front of plaintiff, he was forced off the road, over an embankment into a river. The answer was a general denial and alleged contributory negligence.

*John D. Lyons* and *Nellie Childs Smith* for appellant.

*Lewis N. Stanton* and *Ellsworth Baker* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS LEHMAN, KELLOGG and O'BRIEN, JJ.